24-1568. Thank you. All right. Counsel, you've received two minutes for rebuttal. And when you're ready, you may proceed. Thank you, Judge Mary. I'm Kanan Shanmugam of Paul Weiss for the appellants. May it please the Court. This case presents two discrete legal issues concerning the award of fees and costs under Section 1447C, which applies when a district court remands a removed action to state court because of a lack of subject matter jurisdiction. In this case, the district court held that appellants had an objectively reasonable ground for removal, yet it nevertheless awarded fees and costs on the ground that appellants' other grounds for removal were not objectively reasonable. That was erroneous because a fee award is inappropriate where at least one of the defendant's grounds for removal is objectively reasonable. Except where unusual circumstances exist, right? That is correct. Tell me what would be if persisting in these claims for removal and fighting remand even after the decision in Connecticut and having five out of six of the ones that end up being advanced at the last stage be found essentially frivolous? What would be unusual circumstances if these are not they? Sure. So, Judge Mary, I want to note at the outset that the district court did not rely on the unusual circumstances exception for Martin, but I want to directly address the question of what constitutes unusual circumstances. I think there are really two sets of cases that we have identified that would qualify. The first is that as the court noted in Martin, there can be cases where the plaintiff's own conduct, such as by delaying and filing a motion to remand, could be a basis for, in fact, awarding fees to the defendant. Second, we would note that even in a circumstance in which there is no objectively reasonable ground for removal, a district court would retain the ability not to award fees. That's a classic application of a district court's discretion. The other circumstance that I would identify would be a circumstance like the one that the Supreme Court identified in BP v. Baltimore, a circumstance in which, for instance, a defendant attempted to manufacture appellate jurisdiction over a remand order by asserting, for instance, a frivolous ground for federal officer removal. But ultimately, I don't think that it is sufficient to constitute unusual circumstances simply to have a situation where some of the grounds were objectively unreasonable. Here, there are cases all over the country, apparently, raising the same issues, right? That is correct. Yeah. And cases were filed in state courts around the country, Exxon removed. In how many of those cases did Exxon successfully stay in federal court? So Exxon and the other appellants here have ultimately been unsuccessful in these efforts with the exception of one case. The California court where there was a representative case. In how many cases was Exxon unsuccessful? I don't have the exact number, but quite a few. Quite a few. Isn't that an unusual circumstance that Exxon continues to press these arguments that have been rejected by district courts and circuit courts all around the country? I don't think so with respect, Judge Shannon. I would say a couple of things. We're on abuse of discretion review, right? I mean, was it an abuse of discretion for the district court here to conclude that a fee award was appropriate in these circumstances? The district court did not exercise its discretion under the unusual circumstances exception. Instead, it applied the primary principle from Martin and concluded that because some of the grounds for removal were objectively unreasonable, the award of fee and cost was appropriate. I would say three further things, though, in response to that question, Judge Shannon. The first is... You would not affirm on that basis that we so elect? I don't think so. I think at most the court would have to send the case back to the district court to determine whether the district court would exercise its discretion under that exception. I would submit that unusual circumstances do not exist simply because the other grounds for removal might be objectively unreasonable. But I would note that in those cases, as Judge Caproni recognized, courts have not been awarding fees and costs. And I think that that is out of a recognition that these cases present very novel questions of federal jurisdiction. Well, the first five or six might have. I'm not sure the seventh or eighth case presented a novel question. Well, I think with respect that these were open questions in the circuit. And I would note parenthetically that in the wake of this Court's decision in Connecticut, we made effort with regard to the grounds that overlapped with the grounds that were raised in Connecticut to conform to this Court's opinion. For instance, on the question of removal under federal common law, we made the argument that federal common law completely preempted here, a question that this Court, in its opinion in Connecticut, in footnote four, had left open. But more generally, I think to get back to Judge Caproni's reasoning, Judge Caproni did not rely on the unusual circumstances exception. Indeed, the city largely abandoned its reliance on that in the briefing before Judge Caproni. Instead, she relied on the erroneous legal conclusion that the presence of objectively unreasonable grounds was sufficient. Three times in Martin. Why would that be wrong? I mean, there are six or seven arguments. The parties have to spend time litigating five that are either merriless or, as she said, silly or absurd. Why shouldn't there be a fee award for at least part of that litigation effort? We obviously disagree with Judge Caproni's characterization of our arguments, but I want to go directly to the Supreme Court's reasoning in Martin. Three times in Martin, the Supreme Court formulated the legal principle as one in which the award of fees is appropriate only where the removing party lacked an objectively reasonable basis for seeking removal. And in so doing, we're not simply relying on stray statements in the Court's opinion. The Court focused on the reasonableness of the act of removal. If you look at the money paragraph in the Supreme Court's opinion. I certainly would have no problem with respect to what happened initially, the first removal. The concern I have is that after we issue Connecticut, there's an opportunity for Exxon to say, okay, we're going to give up, but Exxon persists. It makes argument that it abandoned in the Connecticut case. Again, it seems to me that you can sort of understand why Judge Caproni felt the way she did about this. Well, Judge Chen, I would say first that the Supreme Court in Martin focused on the act of removal, the reasonableness of the removal, as the Court says in the first sentence on page 141. And lower courts, we cite eight circuits, including two unpublished decisions from this circuit, have said that that means that you have to assess reasonableness as of the time of removal, not some later date. Now, this is a somewhat unusual case by virtue of the fact that the motion to remand. I don't know that you want to acknowledge that it's an unusual case. But not unusual circumstances for purposes of Martin. It's unusual in terms of the timing, Judge Chen, because it took three years from the point of removal. I agree with that. It's unusual in terms of the timing. And again, I would make the point that in light of this Court's decision in Connecticut, we made efforts in good faith to conform our arguments to the arguments in Connecticut. But I think with respect that what the city is asking you to do is not only first to permit the award of fees based on the existence of additional grounds for removal that might be unreasonable, which I would submit would strike the balance differently from where the Supreme Court struck it. And Martin, to impose a... If we agreed with you, would Judge Caproni be barred from considering whether the circumstances justify sanctions? I don't think Judge Caproni would be barred from doing that. But it is, of course, a very high standard for sanctions. And the city did not... I'm not suggesting it. It's not even before us. I'm just wondering whether the unusual circumstances that we have all been talking about would be circumstances that sound more like grounds for sanctions rather than for attorneys' fees on remand. Well, I think that that is exactly right, Judge Jacobs. And I think what I would say, circling back to Judge Chen's question, is that to the extent that the city is asking the court to kind of slice and dice the arguments here, and Judge Caproni did attempt to award fees only on the arguments that she viewed were objectively unreasonable, that is, of course, an appropriate approach under sanctions. Because, as the court will be familiar, a court can sanction a party for making a vexatious argument in bad faith. But 1447C, by contrast, is an all-or-nothing statute. It is a statute that, as the Supreme Court unanimously said in Martin, focuses on the reasonableness of the act of removal. And I do recognize... And for sanctions, you wouldn't necessarily, although I guess it would be a litigable question, focus on whether the sanctionable act, if any, has to be looked at from the time that the motion for removal was made or some intervening point. There could be intervening conduct that would be relevant for purpose of sanctions. But I think, by contrast, for purposes of Section 1447D, the city's argument would, I think, impose a continuing obligation on a defendant to analyze the strength of their arguments while a motion for remand is pending. And so, again, this is, to use the word because there's no better word, an unusual case in the respect that the motion for remand was pending for several years. Judge Caproni ordered essentially all new briefing on that in the wake of the Second Circuit's decision in Connecticut. That is obviously not going to be the ordinary fact pattern. Ordinarily, motions to remand get resolved more quickly. But again, I think any rule that looked beyond the point of removal would have to accommodate that circumstance as well as the circumstance that is presented here. And again, we point to two circuit decisions on the question of multiple grounds for removal and eight circuit decisions on the question of timing. And I would submit that the city really has no response to that phalanx of authority on either of the legal points that we're advancing here today. Counsel, I know you've saved some time for rebuttal unless anyone has a question. All right. We'll hear from you again in a few minutes. Good morning, Your Honor. May it please the Court. Stephanie Beal on behalf of Appalachee City of New York. I want to start by framing the actual issue in this case before I address some of Your Honor's questions to Mr. Chamigan from this morning. The issue is whether the district court abused its wide discretion in crafting a narrowly tailored and time-limited fee award after evaluating the reasonableness of each of Appellant's bases for removal and finding that five were objectively unreasonable and absurd. Now, we can look first to some of the examples Judge Chin noted today, but the district court repeatedly used in its order awarding fees. And those are phrases like roundly rejected, universally rejected, ridiculous, silly, and objectively absurd. Now, those five characteristics... Let me grant all that, but there's also a finding that one of the claims is objectively reasonable. And you often have cases with multiple, multiple claims. So how many do you need? Do you need two out of three? Do you need three out of four being reasonable? How about four being reasonable out of 16 that are argued? Why not simply apply a rule that if there's an objectively reasonable ground for removal as of the time that removal is made, then there's no attorney's fees for that. I mean, everything you're arguing, it would be a ground for sanctions. Although, to be really frank, since the city of New York is using the consumer protection law to fix global warming, you're in an odd position to claim that the other side is making an absurd argument. Judge Jacobs, two separate answers. The district court found that the framing of the consumer case was not what defendants, appellants in this case, put forth. That's important. The answer to your question is how much is enough? The math does not matter, and Martin tells us that. Here's why. Martin says where you have an objectively unreasonable basis, you may award fees. Where you don't have an objectively unreasonable basis, you should deny fees. Now, the district court followed that standard to a T. Where it found objectively unreasonable basis, it awarded fees. And where it found a lack, actually it found meritless and not unreasonable, then it did not award fees. The fees awarded were only tethered to the five grounds in connection with the highly unusual circumstances of this case that happened post-Connecticut. Where the fees tethered to those five grounds, but only for work done after Connecticut was decided? Or is it from the beginning? That's correct, Your Honor. At Joint Appendix 237 and 238, we have the tailoring of the fee award to the time post-Connecticut in which the city was forced to brief on its motion for remand the exact issues that appellants withdrew in Connecticut and the exact issues this court in Connecticut had already decided. And those highlight, Judge Chinn, your comments from earlier, the highly unusual circumstances of this case. And the answer to your question that you make. How do you respond to the argument that Judge Capone didn't look at the unusual circumstance problem? Your Honor, in this circuit and in circuits across the country, magic words are not required to find that the standard was assessed. And here we have almost the exact same facts going to her objectively unreasonableness evaluation to the court's unusual circumstances. They're the exact same facts here. And that is why this court has two independent bases to find that the fee award should be affirmed. I want to make two quick points in response to some of the discussion earlier with Mr. Shamigan. And that is that he repeatedly said that the appellants tried to conform its briefing to Connecticut. That is wrong. In just one example, the federal officer removal ground was strictly, after the city had briefed it on its motion for remand, they strictly said they were only preserving it for appeal. And that's the exact gamesmanship that our Supreme Court of the United States says 1447. Even if a party loses in the circuit court, the party theoretically has a right to take that to the Supreme Court. I think it files something that preserves the issue in case it goes up, right? Absolutely. But here, in the unusual circumstance, the city was forced to brief that, spend its time briefing that. And the court wasted its judicial resources in resolving that issue in its order. All because of it. Did Exxon say in its briefing that it was merely preserving the issue? Or did it argue it on the merits? The former, Your Honor. It was merely preserving it, which is a classic waste of judicial resources. And that is why the district court awarded fees. And one other quick thing that I would like to point out to, Your Honor. Preserving an issue is a waste of judicial resources. Can you repeat that, Judge Jacobs? Making an argument for the purpose of preservation is a waste of judicial resources. The fact that post-Connecticut, appellants pressed an argument, refused to withdraw that basis for removal, forced the city to brief it in its motion for remand. And then only preserved it for appeal in its opposition. And then forced the district court to resolve that issue in its order. That's all a waste had appellants just done the good faith litigation strategy and removed that basis for removal, which they should have done. And I'll note that they did, in fact, do that on one basis. The Outer Continental Shelf Lands Act. But they refused to do it on three other grounds that this court had already decided in Connecticut. Because we do entertain and recognize the right of litigants to preserve issues. I mean, we're not the court of last resort here. That's correct. That's correct. But what we don't do, and what Martin says we don't do, and what the fees shifting provision in 1447C say we don't do, is waste the party's time in briefing issues at the expense of adding frivolous grounds for removal. And the closest we get to a post-Martin discussion of this purpose, this very purpose of 1447C, is the Supreme Court's discussion in BP versus Mayor and City Council of Baltimore. And in that case, not this issue, but 1447C was discussed when defendants, some of the same appellants here, argued that additional bases should be reviewed by an appellate court, all bases for review. And the Supreme Court said, well, we don't have to worry about frivolous bases being added to a potentially meritorious removal basis, because 1447C exists for the very reason to deter that type of gamesmanship. And that's the type of gamesmanship that is exactly the type that took place here. And Martin says that, too, Your Honor. Why couldn't any legitimate interest you have be satisfied without distorting rules involving removal just by making a motion for sanctions in the district courts? So sanctions are an option. How about your chances, considering the present situation? Sanctions are an option, Judge Jacobs. But actually, Martin addressed this point. Because the defendants in Martin said, hey, we have Rule 11, so there should be a prohibition on fees. And Martin said, no. It also said, no automatic fees. But it said, we're not pro fees. We're not anti-fees. We're pro-discretion. And we're going to limit. The only limit we're placing on this discretionary function in 1447C is reasonableness. And so that is why 1447C exists. It's not punitive. It's cost-shifting. Who bears the burden of those costs? Well, if litigants who remove cases to federal court that are arguably reasonable suffer the risk of paying attorney's fees, if they also proceed on a ground that's not reasonable, that may be restricting access to federal courts in a way that may not be healthy. I mean, we do have pro se cases, litigants who don't know what's reasonable or not. I'm not saying that that is true of your adversary. But this happens. Why not have a reliable rule that if there's an objectively reasonable ground for removal, as at the time that removal is made, that there are no fees? If there's abuses, and there are a lot of abuses in a lot of litigations, take it up as a matter of sanctions. I understand the different standards. The answer to your question, Judge Jacobs, is that Martin already assessed that when it determined that it did need to balance the defendant's right to remove with wasting judicial resources, delaying litigation, and imposing costs on the parties. And the balance it struck was a touchstone of reasonableness. And that is the only rule that has to be required in executing the discretion that a district court must have to award fees under 1447C. That reasonableness is met here in spades. And you can see that in the district court's order. And you can see it emphasized by the unusual and egregious conduct that took place just post-Connecticut here. And I see my time has run, Your Honor. So unless there's any additional questions, this court should affirm the lower court's awardance of fees. Thank you, counsel. Thank you. Mr. Chiam, again, you have two minutes of rebuttal. Great, thank you, Judge Miriam. Just a couple of points. First, I want to start with the Supreme Court's decision in Martin. I don't think, with all due respect to my friend, Ms. Beal, that Martin can be construed as supporting the city's position. Quite the contrary. Martin could not have been clearer in stating that, quote, when an objectively reasonable basis exists, fees should be denied. And again, that is consistent both with Martin's broader focus on the act of removal and the reasonableness of that act and also Martin's balancing of the relevant purposes. Remember that Martin talked about the large objectives of Section 1447C. And the court noted that a court, in deciding whether to award fees, has to balance the protection of the defendant's right to removal against, quote, the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party. Once again, the focus is on the removal itself. Counsel, did you raise that argument before the district court? So we certainly did raise that argument before the district court. In your briefing, the argument that it's as of the time of removal and that fighting remand does not qualify? Well, I'm talking now about the first of our two arguments. With regard to the second of our two arguments, we did rely on this court's decision in Williams. And while we didn't make this argument in any sort of meaningfully extended way, not surprisingly, because each party devoted all of three paragraphs to the fees and costs issue, I think our argument was entirely consistent with the argument we're making. And there's no dispute that the issue of multiple grounds for removal was litigated. Indeed, that was the focus of the litigation before the district court. And so my point on that ground is simply that here there is no suggestion that the purpose of the removal itself was to prolong the litigation. And again, our basic submission is that where you have an objectively reasonable ground for removal in the first instance, that is sufficient. And I would point the court to Judge Flom's opinion for the Seventh Circuit and Lott, which sets this out. And the final thing I would say is that there are other tools available. Of course, sanctions under Rule 11, Section 1927, and a district court's inherent authority. Those sanctions regimes obviously have certain safeguards, such as the safe harbor, but they do provide a way for a district court. They weren't raised below, I gather. They were not raised below, and the city did not seek sanctions. And the only other thing I would note is, just for the court's information, the underlying lawsuit, which was remanded to state court, has since, in fact, been dismissed. The city has indicated that it intends to appeal. But just to give the court an update as to the current status of the litigation, that is where things stand. We submit that Judge Caproni made two fundamental legal errors here. She did not exercise her discretion under the unusual circumstances exception. And for that reason, her award has to be vacated. Thank you, counsel. Thank you. We'll take the matter under submission. Thank you both for your arguments.